UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD WHITE,

      Plaintiff,

v.                              CASE NO:

WAL-MART STORES EAST, L.P.
and

DEANNA, Store Manager,

      Defendants.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P., ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Lee County, Florida, Case No. 2020-CA-001640, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I.    **BACKGROUND**

1.    On or about March 12, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, L.P. and "Deanna," Store Manager, in the 20th Judicial Circuit Court in and for Lee County, Florida. *See* Pl.'s Compl. (attached as Ex. A). The Complaint was served on Wal-Mart Stores East LP, on May 8, 2020. It was served on "Deanna, Store Manager" on May 20, 2020.

2.     Plaintiff, RONALD WHITE, alleges a claim for negligence against Walmart and Deanna as a result of injuries he allegedly sustained on July 3rd, 2020 [sic] when he slipped and fell at the Walmart store located at 4770 Colonial Boulevard, Fort Myers, Lee County, Florida.

3.     Specifically, Plaintiff alleges that Walmart breached its duty of reasonable care to Plaintiff, including (a) failing to provide adequate safety measures and failing to take adequate precautions to protect the safety of its patrons and customers from reasonably foreseeable hazards of a rotten banana in the frozen food aisle; (b) negligently promulgating and maintaining inadequate rules, procedures, or protocols regarding the cleanup and maintenance of its walkways; (c) failing to provide plaintiff a safe place to shop; (d) failing to adequately supervise or instruct its employees and their work; (e) failing to adequately inspect its premises; (f)  failing to adequately guard against foreseeable falls from rotten bananas in the frozen food aisle in its retail premises; and (g) allowing an unreasonably dangerous condition to exist on the premises. (Ex. A at ¶ 12.)

4.     Plaintiff alleges that the store manager, Deanna, by virtue of having control over the subject Walmart, had a duty of reasonable care to maintain the premises in a reasonably safe condition, and that it was part of her duties and responsibilities as store manager to inspect the premises for dangerous conditions. (Ex. A. ¶¶ 17-20.) Plaintiff alleges that the store manager, Deanna, breached her duty of reasonable care relating to the business premises while under her control by (a) failing to maintain the aisle creating a hazardous condition; (b) failing to inspect the

aisle; (c) failing to warn of the danger of the banana; and (d) failing to correct the dangerous condition of the banana. (Ex. A. ¶ 22.)

5.    On June 4, 2020, Plaintiff filed his response to Walmart's Request for Admission admitting that he is seeking damages that exceed $75,000, exclusive of interest, costs, and attorneys' fees.

6.    Plaintiff's Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

7.    As discussed more fully below, Plaintiff attempts to join as a defendant an individual who is a Florida resident for the sole purpose of defeating diversity jurisdiction, which constitutes fraudulent joinder.

8.    Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Lee County together with a docket sheet from the Clerk of the Court.  *See* Composite (attached as Ex. B).

9.    Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.    <u>REMOVAL IS TIMELY</u>

1.    Complaint against Walmart, is located within the Middle District of Florida. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that Plaintiff filed his response to Request for Admissions, which admitted that the damages he seeks exceed $75,000 exclusive of

interest, costs, and attorneys' fees. The thirty (30) day period commenced on June 4, 2020 when Plaintiff filed this response.

2.      Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Lee County, where Plaintiff filed his state court

### III.    <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

3.      Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

4.      Wal-Mart Stores East, L.P., was at the time of the alleged incident, and is currently, a Delaware limited partnership.

5.      WSE Management, LLC and WSE Investments, LLC, are partners of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

6.      The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

7.      The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

8.     Wal-Mart Stores, Inc. is a Delaware corporation that is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publicly traded entity owns more than 10% of the company.

9.     The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

10.     Hence, Defendant, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

11.     In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *Henderson v. Washington Nat. Ins. Co*, 454 F. 3d 1278, 1281 (11th Cir. 2006). Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant having no real connection with the controversy. *See e.g. Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 91 (1921).

12.     In evaluating whether there is any possibility that the plaintiff can establish a cause of action against a resident defendant, the Eleventh Circuit has stated that there must be a reasonable basis for the claim being made. *Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005). Thus, a defendant is fraudulently joined when there is no "reasonable basis" for a claim against it.

13.     Here, Plaintiff attempts to assert a cause of action against "Deanna, Store Manager," the Manager of the subject premises. Florida law is clear that an employee, such as Deanna, cannot be held personally liable in tort simply because of her general administrative responsible for performance of certain functions. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006). To establish employee liability, the plaintiff must plead and prove that the employees owed a duty to the plaintiff, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *Id.*

14.     Plaintiff's Complaint is void of any allegations of active negligence on the part of Deanna; rather, all of Plaintiff's allegations arise from Deanna's purported duty as the manager of the subject Walmart. Under Florida law, such allegations are insufficient to establish personal liability against Deanna, the store manager. Therefore, Plaintiff lacks any basis whatsoever for his negligence claim against Deanna, the store manager, and the inclusion of the store manager in this lawsuit is a transparent attempt to destroy complete diversity. *Id.*

15.     Plaintiff is a citizen of the State of Florida residing in Lee County, Florida.  Plaintiff is a not a citizen of Delaware or Arkansas.

16.     Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, the 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of

returning whenever he is absent therefrom." *Sunseri v. Macro Cellular*, 412 F. 3d 1247, 1249 (11th Cir. 2005).

17.    Plaintiff's Complaint states that he is a resident of Lee County, Florida. *See* Ex. "A" at ¶ 2.

18.    Plaintiffs' domicile in Lee County, Florida is equivalent to his citizenship for purposes of establishing diversity. *See McCormick*, 293 F.3d at 1257.

19.    Because there exists complete diversity between Plaintiff and properly joined Defendant Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.    <u>AMOUNT IN CONTROVERSY</u>

20.    The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

21.    Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00)" (Pl.'s Comp. ¶1) – a review of the full Complaint, Plaintiff's Response to Defendant's Request for Admissions, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.

22.    Plaintiff alleges in his Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff RONALD WHITE "was caused to sustain severe injuries in and about his body, including injuries to his arms and hands,

resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to cam money, and aggravation of a previously existing condition. Plaintiff has been caused to suffer and will continue to suffer great pain of body and mind. Plaintiff's ability to enjoy life has been greatly diminished. Plaintiff has incurred great expense for medical care and treatment and will continue to incur such expense in the future." *See* Ex. A at ¶13.

23.   Plaintiff served his response to Defendant's Request for Admissions, wherein he admitted that he is seeking damages in excess of $75,000.00, for the subject incident. *See* Pl.'s Resp. to Def.'s Req. for Admis. (attached as Ex. C).

24.   According to Plaintiff's medical records received to date, Plaintiff has incurred injuries to his back that ultimately lead to a discectomy surgery.

25.   Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions indicate that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.  *See Jennings v. Powermatic,* No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014) (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy).

26.   Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence

that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

27.   "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

28.   Based upon the allegations in the Complaint, Plaintiff's alleged injuries, Plaintiff's Response to Request for Admissions, and asserted medical records provided to date, the amount in controversy exceeds the requisite $75,000.00.

29.   Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company,* No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

30.   Notwithstanding, in *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant

established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000. *Id.*  Thus, the court found the defendant established complete diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

31.   Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy.  *See, e.g., Diaz v. Big Lots Stores, Inc.,* Case No. 5:10–cv–319, 2010 WL 6793850, at*3 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.* Here, Plaintiff's alleged damages as admitted in his Response to Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V.   <u>CONCLUSION</u>

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Lee County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-001640, on the docket of the Court for the 20th Judicial Circuit in and for Lee County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

*/s/ Monica Schmucker*

Amanda J. Sharkey Ross
Monica Schmucker

HEREBY CERTIFY that on June 30, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Adam Heisner, Esquire
Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Telephone:  239-433-6880
Attorneys for Plaintiff

*/s/ Monica Schmucker*

AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MONICA SCHMUCKER
Florida Bar No. 120579
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1249
Facsimile  (239) 344-1542
Attorneys for Defendant

amanda.ross@henlaw.com
tracey.salerno@henlaw.com
monica.schmucker@henlaw.com
sarah.howie@henlaw.com