UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD WHITE,

    Plaintiff,

v.                                               Case No.:  2:20-cv-466-FtM-38NPM

WAL-MART STORES EAST, LP and
DEANNA,

    Defendants.
                                            /

## **ORDER**[1]

Before the Court is Defendant Deanna's Motion to Dismiss (Doc. 5).[2]  Plaintiff Ronald White never responded.  The Court grants the Motion.

This is a slip-and-fall case.[3]  White brings one count of negligence against Defendant Wal-Mart Stores East, LP and another against Deanna (a Walmart store manager).  Deanna seeks to dismiss the claim against her.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleading must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] According to the parties, Deanna's full name is Deanna Miranda.

[3] These are the facts alleged in the Complaint (Doc. 3), which the Court accepts as true.  *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

(quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

White brings Count 2 against Deanna, alleging she owed him duties of care based on her position as store manager on the day of the incident. Yet it is well established plaintiffs cannot bring such claims without more allegations.

Employees may be liable for negligence committed within the scope of their employment.[4] *White v. Wal-Mart Stores E., LP*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005). To be liable, "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* So an employee is not "liable simply because of his general administrative responsibility for performance of some function of his or her employment—he or she must be actively negligent." *Id.* (alteration accepted, internal quotation marks omitted, and citation omitted).

Aside from titling Count 2 as "Active Negligence," there are no allegations Deanna was personally at fault or actively negligent. (Doc. 3 at 4). At best, all the acts or omissions alleged fall within Deanna's general job responsibilities. Yet in Florida, that it not enough to bring a slip-and-fall claim against an employee. There must be some facts alleging Deanna's participation in or responsibility for the tort. *E.g.*, *White*, 918 So. 2d at 358; *Saxton v. Dollar Tree Stores, Inc.*, No. 8:19-cv-2670-T-60TGW, 2019 WL 6716188, at *2-3 (M.D. Fla. Dec. 10, 2019) (collecting cases); *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *2-3 (M.D. Fla. Sept. 13, 2018). Most of the allegations against Deanna are simply "[t]hreadbare recitals of the

---

[4] While sitting in diversity, the Court applies Florida substantive law. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010).

elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. So the Court can disregard those legal conclusions. *Id.* This leaves the Complaint with only the conclusory allegation Deanna was negligent just because she was the store manager that day. For that reason, Count 2 is dismissed without prejudice.

Without deciding the issue, the Court notes this situation looks like a thinly veiled attempt at fraudulent joinder to destroy diversity. If not, then White can replead with enough allegations for a plausible claim against Deanna. And he should move for remand too. Otherwise, White should amend to remove Count 2 and Deanna from this case.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss Count II of the Plaintiff's Complaint (Doc. 5) is **GRANTED**.

(2) Count 2 is **DISMISSED without prejudice**.

(3) Plaintiff must **FILE** an amended complaint **on or before September 4, 2020**. **Failure to file a timely amended complaint will lead to closing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record