UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD WHITE,

    Plaintiff,

v.                                   Case No.: 2:20-cv-466-FtM-38NPM

WAL-MART STORES EAST, LP
and DEANNA MIRANDA,

    Defendants.
_____/

**ORDER**[1]

Before the Court is Plaintiff Ronald White's Motion to Remand (Doc. 29) and Defendants Walmart Stores East, LP and Deanna Miranda's response in opposition (Doc. 30). Also here is Miranda's Motion to Dismiss (Doc. 23), to which White did not respond. The Court denies the Motion to Remand and grants the Motion to Dismiss.

This is a slip-and-fall case.[2] White brings negligence claims against both Walmart and Miranda (a Walmart store manager). Walmart removed. A pending motion to dismiss came with the case, which the Court granted with leave to amend because White did not state a claim against Miranda. (Doc. 20). Now, White seeks

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts alleged in the Amended Complaint (Doc. 21), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

to remand for lack of jurisdiction, and Miranda looks to dismiss the count she faces.

A removing party must prove diversity jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To have diversity, the parties must be completely diverse. 28 U.S.C. § 1332(a). Both White and Miranda are Florida citizens. So the parties are not diverse, and the Court must remand unless an exception (like fraudulent joinder) applies. *Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Despite the lack of diversity, a defendant may remove if the nondiverse defendant was fraudulently joined. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). This misjoinder applies when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* To decide the issue, a court considers "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). A removing party must make a fraudulent joinder showing by clear and convincing evidence. *Stillwell*, 663 F.3d at 1332. And courts take all factual allegations and uncertainties about state law in a light most favorable to plaintiff. *Pacheco*, 139 F.3d at 1380. Yet if defendant presents unrebutted affidavits, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).

In Florida, an employee can be liable for negligence committed within the scope of their employment. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005). But the employee must "breach [a] duty through personal—as opposed to technical or vicarious—fault." *De Varona v. Discount Auto Parts, LLC*, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012). So an employee is not "liable simply because of his general administrative responsibility for performance of some function of his or her employment—he or she must be actively negligent." *White*, 918 So. 2d at 358 (alteration accepted, internal quotation marks omitted, and citation omitted).

Miranda's affidavit explains she had no knowledge or involvement in White's slip and fall. (Doc. 30-1). She wasn't even working when it happened. And White offers nothing to rebut this evidence. In fact, White now clarifies he has no clue who the store manager was that day. (Doc. 29 at 4 ("This store manager is currently unknown to the Plaintiff, however, [Walmart] is well aware of the employee's identity. This information was requested of Defendant in the form of Interrogatories severed with the initial Complaint.")).³ Nor does the Amended Complaint offer facts supporting a claim against Miranda. As Walmart contends, the duties Miranda allegedly breached just parrot the allegations against Walmart

---

³ This was news to the Court. In both iterations of his pleadings, White (or more accurately counsel) alleged Miranda "was the store manager on duty at the time of the alleged incident." (Docs. 3 at 5; 21 at 5). The Court wonders how counsel can comply with his Rule 11 responsibilities while signing complaints that make allegations with no idea of their truthfulness. Fed. R. Civ. P. 11(b)(3) ("[A]n attorney . . . certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support.").

in a slightly different way. And while White points to cases where plaintiffs sued an unnamed manager, those are misplaced. White sued Miranda, not Jane Doe.

On these facts, the Court holds there is no possibility Miranda could be liable to White for negligence. Miranda cannot be vicariously liable for Walmart's negligence based solely on her position. *E.g.*, *Saxton v. Dollar Tree Stores, Inc.*, No. 8:19-cv-2670-T-60TGW, 2019 WL 6716188, at *2-3 (M.D. Fla. Dec. 10, 2019) (collecting cases). Like one court noted, Florida does not recognize "an *in absentia* claim of negligent failure to maintain a store because Florida law requires that a corporate officer or agent be personally liable for negligence." *Petigny v. Wal-Mart Stores E., L.P.*, No. 18-23762-CIV-MORENO, 2018 WL 5983506, at *2 (S.D. Fla. Nov. 14, 2018) (alteration accepted and citation omitted). "Rather, this appears to be a run of the mill slip and fall case in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018). Because White fraudulently joined Miranda, the Court disregards her citizenship and denies the Motion to Remand.

Given this conclusion on fraudulent joinder, the Court grants Miranda's Motion and dismisses the case against her.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Remand (Doc. 29) is **DENIED**.

(2) Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 23) is **GRANTED**.

    a. Count 2 of the Amended Complaint (Doc. 21) is **DISMISSED**.

    b. The Clerk is **DIRECTED** to terminate Deanna Miranda as a Defendant.

(3) Plaintiff must **FILE** an amended complaint to remove allegations against Deanna Miranda **on or before October 21, 2020. Failure to do so will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 7, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record